IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | | |
|---|---|---|
| Fred G. Sharrer, | : | Case No. 3:06 CV 7012 |
| Plaintiff, | : | |
| vs. | : | |
| La Riche Subaru, Incorporated, | : | **MEMORANDUM DECISION AND ORDER** |
| Defendant. | : | |

The parties have consented to have the undersigned Magistrate enter judgment in this employment discrimination action, filed pursuant to Title I of the Americans with Disabilities Act (ADA), 42 U.S.C. § 12101 *et. seq.*, and OHIO REV. CODE § 4112.02. Pending is Defendant's Motion for Summary Judgment (Docket No. 14), Plaintiff's Memorandum in Opposition (Docket No. 18) and Defendant's Reply (Docket No. 20). For the reasons that follow, Defendant's Motion for Summary Judgment is granted.

**FACTUAL BACKGROUND**

The essential facts of the case are not in dispute. Plaintiff is a resident of Findlay, Hancock County, Ohio. From June 10, 2003 through August 26, 2003, Plaintiff was employed by Defendant (Docket No. 1, ¶s 1, 2, & 3). Defendant is an Ohio for profit corporation with its principal place of

business in Findlay, Hancock County, Ohio (Docket No. 1, ¶ 1).

In 1998, Plaintiff was injured at his workplace (Docket No. 18; Docket No. 1, ¶ 5). As a result of such injuries, repetitive bending, pushing, pulling, twisting, squatting, sitting or standing for long periods of time were contraindicated (Docket No 18). In June 2003, Plaintiff began his employment with Defendant as a body repair technician. In August 2003, Plaintiff was promoted to assistant manager of the body shop (Docket No. 18, p. 1). Approximately three weeks after his promotion, Plaintiff his terminated from his position (Docket No. 18, pp. 1-2).

Plaintiff filed this case alleging that he was discharged because of his disability. Defendant filed a Motion for Summary Judgment in which it claimed that Plaintiff was dismissed as a result of performance issues not related to his disabling condition.

## MOTION FOR SUMMARY JUDGMENT STANDARD

The summary judgment procedure is designed to dispose of cases wherein there are no genuine issues of material fact and the movant is entitled to judgment as a matter of law. See FED. R. CIV. P. 56. Summary judgment is proper if the pleadings, depositions, answers to interrogatories and admissions on file, with the affidavits if any, show that there is no genuine issue of material fact and that the moving party is entitled to judgment as a matter of law. FED. R. CIV. P. 56(c); *Copeland v. Machulis*, 57 F.3d 476, 478 (6th Cir. 1995) (*citing LaPointe v UAW, Local 600*, 8 F.3d 376, 378 (6th Cir. 1993)).

The moving party bears the initial burden of establishing an absence of evidence to support the non-moving party's case. *Celotex Corporation v. Catrett*, 106 S. Ct. 2548, 2552-2553 (1986). In the face of Defendant's properly supported Motion for Summary Judgment, the Plaintiff cannot rest on his or her allegations to get to the jury without significant probative evidence tending to support the complaint. *Anderson v. Liberty Lobby, Incorporated*, 106 S. Ct. 2505, 2510 (1986) (*citing First National*

2

*Bank of Arizona v. Cities Services Co.*, 88 S. Ct. 1575, 1593 (1968)). The mere existence of a scintilla of evidence to support plaintiff's position will be insufficient; there must be evidence on which a jury could reasonably find for the plaintiff. *Id.* at 2512.

To oppose a motion for summary judgment successfully, the "opponent must do more than simply show that there is some metaphysical doubt as to the material facts." *Matsushita Electrical Industry Company v. Zenith Radio Corporation*, 106 S. Ct. 1348, 1355 (1986). In determining if the facts are material, the court must look to the substantive law. The evidence of the non-movant is then taken as true and all justiciable inferences are drawn in his or her favor. *Anderson*, 106 S. Ct. at 2513 (*citing Addickes v. S.H. Kress & Company*, 90 S. Ct. 1598, 1609-1610 (1970)). The Court must refrain from resolving conflicts in the evidence or making credibility determinations. *Id*. If, after deciding, the dispute about a material fact is genuine, summary judgment should be denied.

## DISCUSSION

Plaintiff alleges that the trier of fact in this case can easily find that he is disabled within the meaning of the ADA based upon his debilitating back condition, i.e., left lumbar radiculopathy secondary to a herniated disc. Consequently, Plaintiff contends that because he is a qualified person with a disability, terminating him violated the terms of his employment contract and public policy. In the alternative, the trier of fact can find that Plaintiff is regarded as disabled.

Defendant contends that there are no genuine issues of material fact since Plaintiff is (1) unable to make a prima facie case of discrimination and (2) demonstrate that he was wrongfully discharged. Defendant, therefore, requests that the Court grant it judgment as a matter of law.

*Count One*

Plaintiff alleges that he is a qualified individual with a disability as defined in 42 U.S.C. § 12111

and he was terminated because of his disability.  Defendant claims that Plaintiff failed to establish that he suffered from, or currently suffers from a disabling condition as defined under ADA.  Consequently, Plaintiff is unable to make a prima facie case for discrimination based on disability.  Defendant contends that it is entitled to judgment as a matter of law.

The ADA does incorporate Sections 2000e-4-9 of Title VII for the enforcement of the ADA.  42 U.S.C. § 12117 (a) (Thomson/West 2007).  Title VII provisions are incorporated by reference as the applicable enforcement proceedings for substantive ADA violations.  Accordingly, a plaintiff is required to exhaust administrative remedies before seeking judicial relief of his or her ADA claim.  42 U.S.C. § 12117(a) (Thomson/West 2007).

Under the ADA, a claimant who wishes to bring a lawsuit claiming a violation of the ADA must file a charge of discrimination with the Equal Employment Opportunity Commission (EEOC) within 300 days of the alleged discrimination.  42 U.S.C. § 12117(a); 42 U. S .C. § 2000e-5(e)(1); *Brickers v. Cleveland Board of Education,* 145 F. 3d 846, 848 (6th Cir. 1998).  "An EEOC charge notifies potential defendants of the nature of a plaintiff's claims and provides the opportunity for the parties to settle claims before the EEOC instead of litigate them."  *Sain v. American Red Cross*, 233 F. Supp.2d 923, 929 -930 (S.D.Ohio 2002) (*citing NAACP v. City of Parma, Ohio,* 263 F.3d 513, 534 (6th Cir.2001); *Ang v. Procter & Gamble Co.,* 932 F.2d 540, 545 (6th Cir. 1991)(*citing Love v. Pullman,* 92 S. Ct. 616 (1972)); *Coleman v. Toys R Us, Incorporated,* 976 F. Supp. 713, 720 (N.D.Ohio 1997) *aff'd* 172 F. 3d 872 (6th Cir. 1999); *Parsons v. Yellow Freight Systems, Incorporated,* 741 F.2d 871, 873 (6th Cir. 1984)).  If a claimant does not first present a claim to the EEOC, that claim may not be brought before federal courts.  *Id.* (*citing Ang,* 932 F.2d at 545).  The judicial complaint must be limited "to the scope of the EEOC investigation reasonably expected to grow out of the charge of discrimination."  *Id.* (*citing EEOC v. Bailey Co., Inc.,*

563 F.2d 439 (6th Cir.1977), *cert. denied,* 98 S. Ct. 1468 (1978); *Haithcock v. Frank,* 958 F.2d 671, 675-677 (6th Cir. 1992)).

Plaintiff failed to proffer evidence that he filed a charge with the EEOC or otherwise exhausted administrative remedies for his disability discrimination claim. This Court is therefore without jurisdiction to hear Plaintiff's discrimination claim based on disability. Defendant is granted summary judgment on Count One of Plaintiff's complaint.

*Count Two*

On September 22, 2003, Plaintiff filed a charge with the Ohio Civil Rights Commission (OCRC) alleging that he was discharged for reasons not applied equally without regard to disability. OCRC found that Plaintiff was not disabled as defined in the statute and the complaint was dismissed (Docket No. 14, Exhibit A). Nevertheless, Plaintiff claims that he was terminated in violation of OHIO REV. CODE § 4112.02.

Section 4112.02 provides, in relevant part that it is an unlawful discriminatory practice for any employer, because of the disability of any person, to discharge without just cause or otherwise to discriminate against that person with respect to the terms, conditions, or privileges of employment, or any matter directly or indirectly related to employment. Under OHIO REV. CODE § 4112.05(B)(1), any person may file a charge in writing and under oath with the OCRC alleging that within the past six months another person has engaged in an unlawful discriminatory practice. When the charge is received by the OCRC, a preliminary investigation may be initiated "to determine whether it is probable that an unlawful discriminatory practice has been or is being engaged in." OHIO REV. CODE § 4112.05(B)(2) (Thomson/West 2007). If, upon such investigation, the OCRC finds that probable cause does not exist to support a finding of discrimination, it shall inform the parties that due to this finding, a complaint will

5

not be issued in the matter. OHIO REV. CODE § 4112.05(B)(3)(a)(i) (Thomson/West 2007). In the event that the OCRC makes such a finding, it will "state its findings of fact and shall issue and cause to be served on the complainant an order dismissing the complaint as to the respondent." OHIO REV. CODE § 4112.05(H) (Thomson/West 2007). "Any complainant, or respondent claiming to be aggrieved by a final order of the commission, including a refusal to issue a complaint, may obtain judicial review. OHIO REV. CODE § 4112.06(A) (Thomson/West 2007). The findings of fact reached by the OCRC, based upon the transcript and such additional evidence as the court permits, will not be disturbed by a reviewing court if such findings are supported by reliable, probative, and substantial evidence. OHIO REV. CODE § 4112.06(E) (Thomson/West 2007).

In seeking judicial review of OCRC's adverse decision, Plaintiff has failed to present evidence that OCRC's findings of fact are not based on reliable, probative and substantial evidence. In fact, Plaintiff failed to address the merits of OCRC's claim. Since Plaintiff has failed to present any evidence creating a genuine issue of material fact regarding the reliability of the findings of fact reached by OCRC, such findings are conclusive: there was insufficient evidence that Plaintiff was disabled (Docket No. 14, Exhibit A). Defendant is granted summary judgment on Plaintiff's state law claim for disability discrimination.

*Count Three*

Plaintiff alleges that his termination violated the state and federal public policies against wrongful discharge and disability discrimination as protected by the ADA and OHIO REV. CODE § 4112.

The Ohio Supreme Court has created an exception to the traditional employment-at-will doctrine, allowing a discharged employee to bring a tort action for wrongful discharge in violation of public policy when the employee can prove, *inter alia*, that his or her termination occurred under circumstances that

would jeopardize a clear public policy. *Garcia v. Third Federal Savings and Loan Association of Cleveland,* 2007 WL 1235820, * 3 (N. D. Ohio 2007) (*see Wiles v. Medina Auto Parts,* 96 Ohio St.3d 240, 242 (Ohio 2002)). To state a claim for wrongful discharge in violation of public policy, a plaintiff must establish the following four elements: (1) a clear public policy existed and was manifested in a state or federal constitution, statute or administrative regulation, or in the common law (the *clarity* element); (2) dismissing employees under the circumstances alleged by plaintiff would jeopardize the public policy (the *jeopardy* element); (3) plaintiff's dismissal was motivated by conduct related to the public policy (the *causation* element); and (4) the employer had no overriding legitimate business justification for the dismissal (the *overriding justification* element). *Id.* (*citing Collins v. Rizkana,* 73 Ohio St.3d 65, 69-70 (Ohio 1995) (emphasis *sic* ); *Wiles,* 96 Ohio St.3d at 242). The first two elements are questions of law while the last two are questions of fact. *Id.* (*citing Collins,* 73 Ohio St.3d at 70). The Sixth Circuit has held that Section 4112 provides an adequate remedy for violations of that statute such that a common law public policy claim based on alleged violations of Section 4112 is not available to a plaintiff. *Id.* (*citing Carrasco v. NOAMTC Incorporated,* 124 Fed. Appx. 297, 304 (2004) (unreported)).

Plaintiff's public policy claim fails as a matter of law because the federal and state anti-discrimination statutes already provide Plaintiff with complete relief. The remedies available under the wrongful discharge statute and ADA are adequate to vindicate society's policy goals of providing compensation to victims of discrimination. Since Plaintiff cannot establish at least one of the elements that must coexist to state a claim for wrongful discharge in violation of public policy, his claim fails as a matter of law and must be dismissed.

*Count Four*

Plaintiff contends that the dissemination of an employment manual by Defendant and his

acceptance of such manual established an employment contract. Defendant breached the contract by discharging him.

In Ohio, the general rule is that employment relationships are at-will. *Golem v. Village of Put-In Bay*, 222 F. Supp.2d 924, 929 -930 (N.D.Ohio 2002) (*citing Mers v. Dispatch Printing Company,* 19 Ohio St.3d 100, 103-04, 483 N.E.2d 150 (1985)). One exception to the employment-at-will doctrine arises when the facts and circumstances of the employment relationship create a contract that alters the at-will nature of the employment. *Id*. There must be a meeting of the minds for the personnel manual to alter an at-will employment relationship. *Id.* (*citing Bartlett v. Daniel Drake Memorial Hospital,* 75 Ohio App.3d 334, 338, 599 N.E.2d 403 (1991)).

Plaintiff fails to present any evidence that the employment handbook in this case did anything other than establish the terms and conditions of employment. The Acknowledgment of Receipt of Employee Handbook suggests that Plaintiff assented to being employed at will (Docket No. 14, Exhibit D). The Acknowledgment specifically claims that it was not meant to create an employment contract but it was intended to provide a guideline to improve mutual communications between Plaintiff and Defendant. Clearly the inclusion of this disclaimer is evidence that Defendant did not intend to have an employment contract with Plaintiff.

Since there are no genuine issues of material fact as to the existence of an implied contract between Plaintiff and Defendant, the Magistrate finds that Defendant must be granted summary judgment as a matter of law on this claim.

For these reasons, Defendant's Motion for Summary Judgment is granted (Docket No. 14).

So ordered.

                                                        /s/Vernelis K. Armstrong
                                                        U. S. Magistrate Judge

Dated: August 31, 2007